McCONNELL (DAVIS v.). See Case No. 3,-640.

McCONNELL (HOMAS v.). See Case No. 6,-656.

McCONNELL (SPOONER v.). See Case No. 13,245.

_____

## Case No. 8,713.

### In re McCOPPIN.

[5 Sawy. 630.] [1]

Circuit Court, D. California. July 14, 1869.

NATURALIZATION — INACCURATE STATEMENTS —NO DECEPTION INTENDED—RE-NATURALIZATION.

1. The validity and efficacy of a judgment admitting a person to citizenship, are not impaired by an inaccurate statement in its recitals; they constitute no part of the judgment.

2. Accordingly, where the record of naturalization of an applicant for citizenship of the United States was perfect, but inaccurately recited that the applicant had resided within the United States for three years preceding his arrival at the age of twenty-one years. no deception being intended, the applicant being entitled to be admitted on other grounds, and these facts appearing on an application for re-naturalization. it was *held*, that there was no occasion for further proceedings, and the application was denied.

Application was made by Frank McCoppin to be re-naturalized.

FIELD, Circuit Justice. This is an application on the part of Mr. McCoppin to this court "to re-naturalize him if, in its judgment, his former naturalization is defective or open to question." It appears that on the twelfth of December, 1864. the applicant was admitted as a citizen by the district court of the United States for this district. The record of the proceeding recites, that the applicant at the time made a declaration of his intention to become a citizen, and proved by the oaths of P. H. Cannavan and Lafayette Maynard, citizens of the United States, his residence within the United States, for the previous five years, and for the three years next preceding his arrival at the age of twenty-one years, and his residence in California for one year, and that during that time he had behaved as a man of good moral character, attached to the principles of the constitution of the United States, and well disposed to the good order and happiness of the same, and that he took the customary oath to support the constitution and re-

_____

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

nounced all allegiance and fidelity to every foreign power.

The applicant states that he was born in Ireland on the fourth of July, 1834, and at the time he made his application to be admitted as a citizen he was under the impression that he had arrived in the United States in 1852; but in this respect he is now satisfied he was mistaken, and that he arrived in 1853; that his father arrived at the same time, and afterwards became a citizen; that he himself declared his intention to become a citizen in the court of common pleas for the city and county of New York on the eighteenth of June, 1857, and produces a certified copy of the declaration; that subsequently he was advised, and for some years believed, that he was entitled to citizenship by reason of his nonage at the time of his arrival in the United States, and the subsequent naturalization of his father; and that when informed of his error in this particular, he made formal application for admission to the district court.

The application in this case is an unusual one but, under the circumstances, a very proper one, though, we think, if the district court were in session, that it might with more propriety have been made to that court. The applicant is the mayor of the city of San Francisco, and his citizenship is, therefore, a matter of public interest. The law implies that the officers of the municipality are citizens of the United States, and it was certainly under the belief that the applicant was a citizen that he received the suffrages of the people of the city and was installed into office. If, therefore, the proceeding by which he claims his citizenship is invalid or open to question, it is quite natural that he should desire that a new proceeding may be taken to establish his citizenship beyond a doubt. No such proceeding, however, is necessary. The record of naturalization in his case is perfect, and the judgment valid. Its validity and efficacy are in no respect impaired by the inaccurate statement in the recitals respecting the three years residence in the United States of the applicant previous to his attaining the age of twenty-one. The recitals constitute no part of the judgment, and whether correct or otherwise, is immaterial. The court was satisfied at the time of the sufficiency of the evidence presented to justify the admission of the applicant, and pronounced its judgment accordingly.

Undoubtedly, the court might, in a proper case, set aside its judgment admitting a party to citizenship, if the party was not at the time entitled to admission, and the court had reason to believe that it had been intentionally deceived. But in this case there is no ground to suppose any deception was intended, or for any imputation upon the motives of the applicant. He was at the time entitled to be admitted as a citizen on other grounds. He had declared his intention to become a citizen in one of the courts of record in the city of New York, seven years before, and had resided in the United States for five years. This latter fact was established at the time before the district court, and is stated in the record. Upon these facts and the other matters as to character, and attachment to the principles of the constitution, proved by the witnesses present, he could have been as readily admitted as upon the grounds stated. There is no occasion for any further proceedings in the matter. The application for re-naturalization is, therefore, denied.